IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES,

    Plaintiff,

v.                                                                                                                                                             Crim. No. 5:13-cr-17

DUANE MCATEE,

    Defendant.

## REPORT AND RECOMMENDATION

### *I. INTRODUCTION*

On April 3, 2013, the United States filed a criminal complaint alleging that Defendant was in criminal contempt of court, 18 U.S.C. § 401(3), for willfully disobeying a lawful subpoena issued by this Court which required his presence before the Wheeling Grand Jury on April 2, 2013. That same day an arrest warrant was issued. On April 23, 2013, Defendant was arrested, and on the following day had his initial appearance. The Grand Jury returned an indictment on May 7, 2013, charging Defendant with the above crime and a summons was issued. Defendant initially appeared and was arraigned on the charges contained in the indictment. A federal public defender was appointed as standby counsel for the initial appearance and arraignment only because Defendant insists on representing himself in these criminal proceedings.

On the same day the Grand Jury returned an indictment, Defendant filed with the Court an "Affidavit of Facts." In this pleading, which is largely unintelligible, Defendant "declares independence from the USA" and "states, for the record, that he is a free, sovereign indigenous

peoples man who is entitled to all rights, protections and freedoms accorded by or found in the United Nations Declaration on the Rights of Indigenous peoples, including the Right to identify himself as indigenous and to be recognized as such."[1] After a strained reading of this filing, it appears that Defendant is attempting to renounce his United States citizenship to escape prosecution for the instant offense.

In addition to this filing, Defendant has served on the United States, but not filed with this Court, three additional documents. These documents, which the United States attached to its response, are titled: (1) Notice of Abatement for Improper Service; (2) First Amendment Petition for Abatement; (3) Defendant Notice to Abate and Memorandum of law and Support. The last document contains a subsection titled Notice to Abate for Lack of Subject Matter Jurisdiction. On June 12, 2013, the Court held a motion hearing. The United States appeared by Assistant United States Attorney Paul T. Camilletti. Defendant did not appear at the hearing, so the Court must render a decision on the pleadings.

## *II. DISCUSSION*

First, the Court will note that all of Defendant's pleadings have been styled as notices of abatement, which, in the criminal context, typically only occurs when a Defendant has died during the criminal prosecution or subsequent appeal.[2] *See e.g. Durham v. United States*, 401 U.S. 481, 483

---

[1] Defendant also cites several other "principles of international law," including the "United Nations Declaration on the Principals of International Law Concerning Friendly Relations Among States," and the "United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples."

[2] Black's Law Dictionary defines abatement, at least in relevant part, as:

1. The act of eliminating or nullifying.
2. The suspension or defeat of a pending action for a reason unrelated to the merits of the claim.

BLACK'S LAW DICTIONARY (9th ed. 2009)

2

(1971) (per curiam); *United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1984). However, the Court has a duty to liberally construe all pleadings made by a *pro se* party, *see Haines v. Kerner*, 404 U.S. 519 (1972), and the Court finds that this duty is heightened in the criminal context. Thus, the Court will treat Defendant's pleadings as motions to dismiss the indictment against him, and will discuss each pleading in turn.[3]

## A. *Notice of Abatement for Improper Service*

In this pleading, Defendant contends that he was unlawfully arrested on April 23, 2013, and the summons was not properly served pursuant to the Federal Rules of Civil Procedure. With regard to any claims based on the latter contention, the Federal Rules of *Civil* Procedure do not apply to criminal proceedings. Criminal proceedings are governed by the Federal Rules of *Criminal* Procedure. The Court will then discuss the circumstances surrounding Defendant's arrest.

Under Federal Rule of Criminal Procedure 3, an officer may initiate criminal proceedings by filing a complaint, which is "a written statement of the essential facts constituting the offense charged," and with limited exceptions "must be made under oath before a magistrate judge." Here, the complaint included the essential facts that form the basis for the crime charged, namely

> [t]hat on or about March 21, 2013, DUANE MCATEE was served with a subpoena to appear before a Federal Grand Jury at 9:00 a.m. on Tuesday, April 2, 2013, in Wheeling, West Virginia. On April 2, 2013, the grand jury met in Wheeling; however, Mr. MCATEE did not appear as subpoenaed to do so.

Attached to the criminal complaint was the subpoena and proof that it was received by Defendant, who appears to have contested it then just as he does now. The criminal complaint was sworn to by

---

[3] The pleadings refer to an array of things, from citations to the Bible, the Uniform Commercial Code, and several statutes that are irrelevant so the Court will limit its discussion to only those statements which, liberally construed, raise a claim.

Special Agent Jeffrey James, before United States Magistrate Judge John S. Kaull; the complaint bears Judge Kaull's signature.

Pursuant to Federal Rule of Criminal Procedure 4, if the complaint establishes probable cause to believe that an offense was committed and that the defendant committed it, then the judge must issue an arrest warrant. The warrant must include the defendant's name, describe the offense charged, command that the defendant be arrested, and be signed by a judge. FED. R. CRIM. P. 4(b)(1). After reviewing the arrest warrant issued, the Court finds that it was in compliance with these requirements. Finally, the Court must note that any defect in the criminal complaint or allegation that it lacked probable cause is harmless because the United States presented the case to the grand jury, which returned an indictment based upon its own finding of probable cause.

Defendant also challenges the summons issued after the indictment was returned, arguing that it fails to comply with the Federal Rules of Civil Procedure. As mentioned, these rules do not apply in the criminal context, but the Court will still analyze the requirements for a summons under the Federal Rules of Criminal Procedure. Under Federal Rule of Criminal Procedure 9, the "court must issue a warrant—or at the government's request, a summons—for each defendant named in an indictment." The court must issue the "summons to a person authorized to serve it," which is any person authorized to serve a summons in a federal civil action. FED. R. CRIM. P. (4)(c)(1). Further, the summons must contain the same requirements of a warrant, as mentioned above, "except that it must require the defendant to appear before the court at a stated time and place." FED. R. CRIM. P. 9(a), (b)(2). The summons is to be served on an individual defendant "(i) by delivering a copy to the defendant personally; or (ii) by leaving a copy at the defendant's residence or usual place of abode with a person of suitable age and discretion residing at that location and by mailing a copy

4

to the defendant's last known address." Fed. R. Crim. P. 4(c)(3)(B).

Again, the summons was issued and delivered in accordance with the Rules. The summons contained Defendant's name, described the offense charged, summoned his appearance at a specified place and time, and was signed by a judge. Further, the summons was given to a Deputy United States Marshal, who delivered the summons and returned it. In sum, everything done in this criminal action has been procedurally sound and fully in accordance with the Federal Rules of Criminal Procedure.

## B. *First Amendment Petition for Abatement*

This filing alleges that Defendant is not the person named in the criminal charges because the name on the charging documents is in all capital letters, and that in his name only the first letters of his first and last name are capitalized. This argument lacks any basis in the law, and in the Court's eyes is utter nonsense.

## C. *Notice to Abate for Lack of Subject Matter Jurisdiction*

In Defendant's final pleading, he requests the Court to "abate plaintiff's accusations for lack of subject matter jurisdiction, as authorized by Federal Rule of Civil Procedure." Further, Defendant contends that he was not notified that he was the subject of a grand jury presentment, thus he was not able to challenge the jurors, and that he has cumulatively been deprived of the due process guaranteed by the Fifth Amendment to the United States Constitution. Defendant also takes issue with the warrant because he contends that there was not a probable cause hearing or affidavit of probable cause. Finally he argues that he has not had the opportunity to "examine witnesses and evidence against him, call his own witnesses and present contravening documentary or other evidence." With regard to this final contention, these are all rights that are to be exercised at trial.

5

There has been no trial, thus Defendant has not been deprived of these rights. Further, the Court has already discussed how the arrest warrant and subsequent summons based on the indictment were valid. The Court will discuss the remaining contentions in turn.

*1. Subject Matter Jurisdiction*

Although Defendant framed this contention under Federal Rule of Civil Procedure 12(b)(1), because the Court's subject matter deals with the statutory or constitutional authority of the Court to even hear the case the Court will address the contention out of caution. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (explaining that subject matter jurisdiction can never be forfeited or waived). Article III of the United States Constitution vests Congress with the authority to create inferior federal courts and determine those courts' jurisdiction. U.S. CONST. art. III, sec. 1. In turn, Congress has determined that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, Plaintiff has been charged with criminal contempt, an offense against the United States codified at 18 U.S.C. 401(3). Clearly then this Court has jurisdiction to hear the subject matter presented.

*2. Grand Jury*

Defendant's final claims revolve around the grand jury. Specifically, he argues that he was not notified of "any grand jury being seated in which he was the target of the investigation" in violation of Federal Rule of Criminal Procedure 6(b). Further, because of this lack of notice he was not able to challenge the jury pool or individual jurors. While Defendant is correct that Rule 6 allows a defendant to challenge the way in which a grand jury is "drawn, summoned, or selected," and that a defendant "may challenge an individual juror on the ground that the juror is not legally qualified,"

6

there is no requirement that he be notified that he is the subject of an investigation by the grand jury so that he can appear before the grand jury convenes. In fact, Defendant would be prohibited from being present from any grand jury proceedings, FED. R. CRIM. P. 6(d), and it seems entirely counterintuitive to notify a defendant that he is the subject of a criminal investigation.

Rule 6, governed by 28 U.S.C. § 1867(e), also allows a defendant to move to dismiss an indictment based on an objection to the grand jury or a grand juror's lack of legal qualification. The motion must "contain[] a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title," regarding the selection of grand juries. 28 U.S.C. § 1867(d). Defendant, although citing to Rule 6, has not stated *any* facts alleging a defect in the selection of the grand jury. Further, Defendant failed to appear for a hearing on the instant pleadings to elaborate on the allegations. Thus, a motion to dismiss on this ground must be denied.

### *III. CONCLUSION & RECOMMENDATION*

The Court has construed Defendant's filings liberally, extracting every possible challenge contained therein to the proceedings thus far, and has construed it as a motion to dismiss the indictment; thus, forming the basis for this report and recommendation to the District Court. For the reasons stated the Court finds no infirmity with the proceedings to date, and **RECOMMENDS** that the indictment stand and the criminal prosecution continue on its scheduled course.

The Clerk is directed to transmit a copy of this order to the *pro se* Defendant via certified mail, return receipt requested, and any other counsel of record, as applicable. Any party may, within fourteen [14] days of receipt of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of

record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

DATED: June 19, 2013

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE